MARC P. COOK, ESQ.
Nevada Bar No. 004574
BAILUS COOK & KELESIS, LTD.
400 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Phone:      (702) 737-7702
Fax:        (702) 737-7712
E-mail:     law@bckltd.com
*Attorneys for Plaintiff JOHN MOMOT*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOHN MOMOT,<br><br>      Plaintiff/Counterdefendant,<br><br>v.<br><br>DENNIS MASTRO, individually, MICHAEL MASTRO, individually, JEFF MASTRO, individually, DOES I through X and ROE Corporations I through X, inclusive,<br><br>      Defendants/Counterclaimants. | CASE NO.: 2:09-cv-975-RLH-LRL<br><br>(Removal from the District Court Clark County, State of Nevada, Case No. A 588280)<br><br>**PROTECTIVE ORDER GOVERNING CONFIDENTIALITY AND PRIVILEGE** |

IT IS HEREBY ORDERED:

This Protective Order (hereinafter "Order") shall govern the use of confidential and privileged information produced during disclosure and discovery in this action.

1.  For purposes of this Order, "Confidential" information means the following types of documents and information furnished by parties and non-parties that is not otherwise publicly available. This Order covers information that the disclosing party or non-party (hereinafter "source") designates "Confidential." The designation "Confidential" shall be limited to information that the source in good faith believes is of a private or sensitive nature, or should otherwise be subject to "Confidential" treatment. Documents that are in the public domain,

including but not limited to documents presented at trial or other court proceedings publicly and not under seal, may not be designated as "Confidential." This provision shall not apply to any document that is in the public domain as a result of violation of any stipulation or court order with respect to such document:

    a.    All documents and information relating to the financial affairs of the parties and/or any corporation, limited liability company or other entity affiliated with the parties, including but not limited to financial statements, as well as any projections, pro formas, or analyses of anticipated costs and benefits with respect to development, operation, management, valuation, or sale of any restaurant planned or opened from 1999 to 2007;

    b.    All federal and state income tax returns and schedules for the parties and/or any corporation, limited liability company or other entity affiliated with the parties;

    c.    All documentation and information relating to proprietary or trade secret information about the development, organization, purchasing or leasing of equipment, hiring or termination of personnel (including personnel files), design and/or construction of restaurant facilities and similar confidential business information and all non-public communications within the Mastro's organization concerning the same; and

    d.    All documentation and information relating to the financial affairs of non-parties who have invested in one or more Mastro's entities.

2.    All Confidential documents in whole or in part, any copies thereof in any form, any of the confidential information contained therein, all confidential portions of transcripts of any deposition or non-evidentiary hearing and any confidential exhibits identified therein, and

all confidential portions of briefs, pleadings – excluding summary judgment or other dispositive motions – , memoranda, motions, other court filings, confidential portions of responses to interrogatories or responses to other discovery which quote from, attach as an exhibit or otherwise recite or explain any confidential portion of the contents of the Confidential documents and the confidential information therein contained shall be treated as "Confidential" information and subject to the terms and conditions of this Order.

3. Any party may seek amendment to this Order to designate confidential documents and information in addition to the categories described in Paragraph 1 before production of any such documents or information. The parties agree to meet and confer in good faith and attempt to reach agreement on any request by a party to designate such additional categories of confidential documents or information.

4. Confidential documents shall be designated by stamping copies of the document produced to a party with the following legend: "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Any such stamp of designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document.

5. Confidential documents shall be retained by litigation counsel for the receiving party and shall not be copied or further disclosed to any natural person, corporation, partnership, firm, governmental agency, association any other entity whatsoever, other than to the following "Qualified Persons":

   a. counsel may allow members of his or her staff (e.g., legal associates, paralegals, legal secretaries, and law clerks) to view the Confidential documents as necessary for counsel's preparation for trial and trial;

    b.    counsel may allow an independent expert consultant/witness to view the Confidential documents for purposes of assisting counsel in preparing for discovery or trial in this matter;

    c.    counsel may allow one client representative to view the Confidential documents in counsel's office solely for consulting with counsel for purposes of preparing for trial;

    d.    counsel may show a Confidential document to any representative of the producing party;

    e.    counsel may show a Confidential document to a deposition witness who, in the judgment of counsel, should be questioned about the Confidential document or information therein to prepare for trial, provided however, that the Confidential document shall not be marked as a deposition exhibit, but shall be referred to by Bates number. All deposition transcripts in which Confidential information is referenced shall be maintained by counsel in confidence and shall themselves be deemed and treated as Confidential documents hereunder;

    f.    The Court;

    g.    Court reporters (including audio and video);

    h.    Copying, imaging and computer services for the purpose of copying, imaging or organizing documents.

6.    No copies of the Confidential Documents shall be made for any purpose except as follows:

    a.    litigation counsel for the receiving party may make up to four copies of a Confidential Document, each one bearing a unique, identifying Bates sub-number;

      b.      counsel may allow such copies to be in the possession of any Qualified Person listed in Paragraph 5(a) or 5(b) above, so long as a log is kept to record which copy was given to which Qualified Person.

7.    Before any Confidential Information is disclosed to any Qualified Person under Paragraph 5 of this Order, each such person shall be provided with a copy of this Order, shall agree to be bound by its terms, and shall execute an agreement that he or she has read and understood the Order in the form attached thereto as Attachment A.  Counsel making a disclosure to any Qualified Person shall retain the original executed copy of such an agreement.  Counsel shall provide the opposing party's counsel a true copy of any agreement executed pursuant to this paragraph prior to making a disclosure of Confidential information to any authorized person.

8.    Any person receiving or reviewing Confidential documents or information shall not reveal Confidential documents or information to or discuss such documents or information with any person who is not entitled to receive such information as set forth herein.

9.    Any motion other than a motion for summary judgment or other dispositive motion, pleading or other submission that contains or attaches Confidential documents or information shall be filed in a sealed envelope that (a) is endorsed with the caption for this matter; (b) sets forth a general description of the contents of the sealed envelope; and (c) contains the following legend:

"CONFIDENTIAL"
"THIS ENVELOPE IS SEALED BY COURT ORDER, CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY COURT ORDER"

All papers that refer to or rely upon Confidential documents or information shall specify the particular aspects of the documents or materials that are Confidential with sufficient particularity to enable the Court in drafting orders or making rulings to determine whether there is information or evidence that should not be disclosed in any Court order or ruling. Absent such advance notification, the Court will be free to incorporate any and all information or evidence in its written or oral rulings.

   a.   No documents which are filed with the court as attachments to a summary judgment or other dispositive motion, may be filed under seal unless the proponent seeking protected status of the document(s) establishes "compelling reasons" to rebut the presumption of public access.

   b.   Any party seeking to seal attachments to a motion for summary judgment or other dispositive motion filed with the court, shall submit a separate memorandum of points and authorities which presents articulable facts identifying the interests favoring continuing the secrecy of the attachments, and shows that these specific interests outweigh the public's interests in disclosure sufficient to overcome the presumption of public access to dispositive pleadings and attachments.

   c.   Any application to seal documents attached to a motion for summary judgment or other dispositive motion, shall be served on opposing counsel together with the documents proposed to be filed under seal. Opposing counsel shall have fifteen (15) days from service of any application to seal documents attached to a motion for summary judgment or other dispositive motion, in which to file a response.

10. a. If, in connection with this action, a party (the "Disclosing Party") discloses information subject to a claim of attorney-client privilege or work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client or work product protection that the Disclosing Party would otherwise be entitled to assert over the Disclosed Protected Information and its subject matter provided there is compliance with Rule 502(b) of the Federal Rules of Evidence.

b. A Disclosing Party may assert in writing attorney-client privilege or work product protection over Disclosed Protected Information in accordance with Rule 502(b) of the Federal Rules of Evidence. The party receiving this writing (the "Receiving Party") shall, within ten business days of receiving the writing, return, sequester, or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned, sequestered, or destroyed in accordance with Rule 26(b)(5)(8) of the Federal Rules of Civil Procedure.

c. Within ten business days of the notification that such Disclosed Protected Information has been returned, sequestered, or destroyed, the Disclosing Party shall produce a privilege log covering the Disclosed Protected Information as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure.

d. The Receiving party may move the Court for an order compelling production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege Motion shall be filed under seal in accordance with paragraph 9 and shall not assert as a ground

for entering such an order the fact or circumstance of the Disclosing Party's earlier production.

 e. The Disclosing Party retains the burden of establishing the privileged protected nature of any Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

 f. If, at trial, at a hearing, at a deposition, or on a motion, a Disclosing Party offers into evidence Disclosed Protected Information – or proffers or elicits testimony or other evidence that incorporates or relies on Disclosed Protected Ionformation, including evidence within Federal Rule of Evidence 703 – that act shall be deemed to effect a waiver and forfeiture by the Disclosing Party of the attorney-client privilege and/or work product protection that would otherwise apply to undisclosed information within the terms of Federal Rule of Evidence 502(a). The preceding sentence shall not apply to (i) proceedings to determine whether the Disclosed Protected Information is privileged or protected or subject to discovery, or (ii) Disclosed Protected Information that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.

11. Nothing in this Order shall prohibit disclosure of Confidential information produced by or obtained from any party to this action in response to a subpoena, other compulsory process, or the process of any governmental regulatory agency. If any party is served with such process (including any governmental agency request, demand, subpoena or order), such party

shall promptly (not more than 48 hours after receipt of such process) notify the Designating Party of such process, and shall take all reasonable steps to refrain from producing Confidential documents or information in response to such process, to afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order.

12. If a deponent testifies about subject matter that a party might properly designate as Confidential under this Order, or Confidential information covered by this Order is marked as an exhibit, counsel for an affected party may designate that portion of the testimony, or the exhibit or both, as Confidential under this Order, either at the time of the deposition or by letter postmarked, faxed or e-mailed within 30 calendar days after receipt of the deposition transcript identifying the pages, and lines of the transcript and the exhibits that he or she is designating as Confidential under this Order, and only those designated portions and exhibits shall thereafter be treated as Confidential under this Order. If the Designating Counsel fails to timely provide such identification, any claim of confidentiality shall be deemed waived.

13. If a Receiving Party objects to the designation of any material as Confidential, the Receiving Party shall first make its objection known to the Designating Party and request a change of designation. If the Designating Party refuses the request, or if a resolution is not achieved within ten court days after the objection, then the Receiving Party may file a motion with the Court for an order changing or removing the designation at issue. The information in question shall be treated as Confidential information until and unless the designation is changed by Order of the Court. The Designating Party shall retain the burden of proving the information at issue qualifies as Confidential information under Paragraph 1 of this Order.

14. Within 60 days of the final and non-appealable termination of this lawsuit (whether by final judgment, final settlement or otherwise), all Confidential documents and information and any abstracts and summaries of such material, shall be destroyed or returned to counsel for the Producing Party. Such destroyed or returned materials shall include the notes or work product of counsel for the parties, expert witnesses and consultants or investigators or agents thereof. Counsel for each party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance. Reasonable out-of-pocket costs associated with returning Confidential documents and information will be borne by the party requesting its return.

15. No party receiving documents or information designated as Confidential shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be bound to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

16. The termination of this litigation shall not relieve any person to whom a Confidential document or Confidential information has been disclosed from the application of this Order, unless the Court orders otherwise.

17. The Parties understand and agree that by producing Confidential documents and Confidential information, they do not waive any objections which they may have on grounds of privilege, attorney-client privilege, attorney work product doctrine or any other grounds for objections to admissibility at trial.

18. All persons bound by this Order are hereby notified that if this Order is violated, the person or entity committing the violation shall be subject to such sanctions as the Court issuing this Order, on motion and after a hearing, deems just.

19. This Order shall govern the handling of material designated confidential prior to trial. After the pretrial conference, the parties shall meet and confer to reach an agreement as to the confidentiality of information to be used at trial and documents designated as trial exhibits and, if necessary, a method for maintaining the confidentiality of such information and documents at trial.

20. All *in camera* submissions under this Order shall comply with Local Rule LR 10-5.

IT IS SO ORDERED:

_____
U.S. MAGISTRATE JUDGE

Dated: 9-22-10

**ATTACHMENT A**

**CONFIDENTIALITY AGREEMENT**

**Case Name:**     Momot v. Mastro et al.

**Case Number:**   2:09-cv-00975-RLH-LRL

I,_____, have read and understand the Protective Order Governing Confidentiality and Privilege (the "Order") in Momot v. Mastro entered on , 2010, by the United States District Court for the District of Nevada and agree to be bound by its terms.

1. As set forth in the Order, I shall use information I learn as a result of having access to materials protected under the Order solely for the purpose of this litigation and agree to be subject to and bound by the Order.

2. I hereby submit myself to the jurisdiction of the United States District Court for the District of Nevada for the enforcement of these representations and the Order.

Executed this ____ day of _____, 2010.

_____
[Signature]

_____
[Type or Print Name]