# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MOMOT, | Case No.: 2:09-cv-00975-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Reconsider Dismissal of Count One of the Counterclaim or, In the Alternative, for Entry of Rule 54(b) Judgment–#124) |
| DENNIS MASTRO, individually, MICHAEL MASTRO, individually, JEFF MASTRO, individually; DOES I through X and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

Before the Court is Defendant Dennis Mastro, Michael Mastro, and Jeff Mastro (collectively "Defendants") **Motion to Reconsider Dismissal of Count One of the Counterclaim or, In the Alternative, for Entry of Rule 54(b) Judgment** (#124), filed July 13, 2010. The Court has also considered Plaintiff John Momot's Opposition (#128), filed July 30, 2010, and Defendants' Reply (#130), filed August 9, 2010.

**BACKGROUND**

This action arises out of a business relationship between John Momot and the Mastros. During the course of their relationship, which began in 1974, Momot contributed

1

AO 72
(Rev. 8/82)

1  investment capital for the Mastros to develop various restaurant businesses in California and
2  Arizona. Momot alleges that over the years the Mastros misappropriated his investment capital
3  and wrongfully increased their own profits at the expense of his investment capital. Specifically,
4  Momot alleges the Mastros (1) wrongfully took sole ownership of the "Mastro" name as an asset
5  separate from its restaurants without obtaining prior authorization from their investors (including
6  Momot); (2) forged Momot's name and pledged his investments in order to obtain financing for its
7  restaurant operations; and (3) wrongfully withheld information regarding their plans to build a
8  restaurant on Rampart Boulevard in Las Vegas. For a more detailed account of the factual
9  allegations the Court directs the reader to the Court's Order (#122) filed July 6, 2010.

10          On April 16, 2009, Momot filed suit in Nevada state court alleging claims for
11 breach of fiduciary duty, accounting, conversion, unjust enrichment, theft and embezzlement, alter
12 ego, monies owed, civil conspiracy, civil RICO, failure to register securities, fraud, usurped
13 corporate opportunity, and punitive damages. The Mastros subsequently removed the case to this
14 Court. On March 26, 2010, the Mastros filed an answer to Momot's Complaint and brought
15 counterclaims for breach of contract, abuse of process, fraud, and negligent misrepresentation. On
16 July 6, 2010, the Court dismissed the breach of contract, abuse of process, and negligent
17 misrepresentation counterclaims. (Dkt. #122, Order.) Now before the Court is the Mastros'
18 motion to reconsider dismissal of Defendants' breach of contract counterclaim, or alternatively,
19 enter final judgment on that claim so that they may appeal the order. For the reasons discussed
20 below, the Court denies the Defendants' motion.

21                                    **DISCUSSION**

22 **I.      Legal Standard**

23          Although not mentioned in the Federal Rules of Civil Procedure, motions for
24 reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion
25 to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The
26 Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent

highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

**II.   Reconsideration**

The Court finds that Defendants have not met their burden under Rule 59. Defendants simply claim the Court committed clear error and attempt to reargue the issues presented previously by the parties, which the Court addressed when it granted Momot's's Motion to Dismiss Counterclaims (Dkt. #92). (Dkt. #122, Order.) Defendants merely rehash old arguments, which is not proper in a motion for reconsideration. Accordingly, the Court denies Defendants' motion.

**III.   Entry of Final Judgment**

Alternatively, Defendants request that the Court enter judgment pursuant to Rule 54(b) so that they may appeal the Court's Order dismissing the breach of contract claim. The Court declines to do so because a judgment by Rule 54(b) would not aid in the "expeditious

decision" of this case and would only create further "piecemeal appeals" hampering resolution of the case. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–798 (9th Cir. 1991). The Defendants have already appealed three times in this case and a fourth appeal would do nothing save delay this litigation and create more costs for the parties involved. Therefore, the Court denies the motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Reconsider Dismissal of Count One of the Counterclaim or, in the Alternative, for Entry of Rule 54(b) Judgment (#124) is DENIED.

Dated: October 12, 2010.

_____
ROGER L. HUNT
Chief United States District Judge